OPINION
Defendant-Appellant, Debbie Fair, appeals a judgment of the Court of Common Pleas of Auglaize County, finding that the conditions of community control were violated when Appellant discharged herself from the W.O.R.T.H. Center, and sentencing Appellant to an additional six months in jail as a result of the violation. For the reasons set forth in the following opinion, we affirm the judgment of the trial court.
The record demonstrates that in October, 1998, Appellant was indicted on one count of driving under the influence, a violation of R.C. 4511.19(A)(1). The offense was a fourth degree felony because Appellant had been convicted of D.U.I. on three or more occasions within the past six years. Appellant was also indicted on one count of misdemeanor driving under suspension, a violation of R.C. 4507.02(C).
Appellant initially pled not guilty to the offenses. However, in April 1999, Appellant entered into a negotiated plea agreement whereby she agreed to plead guilty to the driving under the influence charge. In exchange for the guilty plea, the State then agreed to enter a nolle prosequi on the driving under suspension charge. The court accepted the plea agreement and sentencing was delayed to allow for a presentence investigation.
Thereafter, on June 2, 1999, the trial court sentenced Appellant to serve five years of community control. As part of the community control sentence, Appellant was also ordered to serve six months in jail and to complete the program at the W.O.R.T.H. Center, a community based correctional facility. Appellant began serving the jail time immediately.
The balance of the jail sentence was subsequently suspended to allow Appellant to enter the W.O.R.T.H. Center on July 29, 1999. Appellant was to remain at the community based correctional facility for four months in order to successfully complete the program. Nevertheless, after residing at the center for only five days, Appellant was terminated from the program because she continuously cried, refused to participate in programming and she requested to leave the program. Appellant claimed that her discharge was due to her medical condition. She also stated that she wanted to leave the facility because she missed her children.
On August 4, 1999, the State filed a motion requesting that the court conduct a hearing on the issue of whether Appellant violated the conditions of community control by failing to complete the W.O.R.T.H. Center program. A hearing on the matter took place on August 23, 1999. After hearing all of the evidence, the trial court found that Appellant did violate the conditions of her community control sanctions. As a result, the court issued an August 27, 1999 judgment entry, this time ordering Appellant to serve five years of community control, including twelve months in the Auglaize County Correction Center. This timely appeal followed.
Appellant asserts the following as her sole assignment of error:
 The trial court committed an abuse of discretion by determining that the Defendant violated community control and by imposing an additional six (6) month sentence.
Since this assignment of error raises separate issues, we will first discuss the question of whether the trial court erred in finding that Appellant violated the conditions of her community control sanctions. In arguing that a violation of this nature has occurred, the State does not have to introduce proof beyond a reasonable doubt. Rather, the State need only produce evidence of a substantial nature in order for the court to properly find that a violation has taken place. State v. Stokes (June 17, 1999), Union App. No. 14-98-53, at **5 unreported; State v. Hylton
(1991), 75 Ohio App.3d 778, 782-783. Based upon a thorough review of the record, we find that the evidence in this case, which consists of more than 150 pages of transcript, satisfies the applicable standard.
Substantial evidence exists to demonstrate that although completion of the program may have been uncomfortable or difficult, it was certainly not impossible. Julie Heil, Appellant's case manager at the W.O.R.T.H. Center, testified that upon learning of Appellant's inclination to leave the program, she informed Appellant that the facility could attend to her medical problems by providing transportation to any doctor's appointments she could have arranged. Moreover, Appellant was also informed that she would be able to visit with her children after completing a thirty day orientation program.
Notwithstanding, Appellant testified that she was unable to complete the program, in large part because her physical conditions prevented her from being able to sit for as long as was required. Appellant later testified, however, that she was able to complete various classes offered at the county jail. These classes ranged in duration from forty-five to ninety minutes. Thus, based upon the evidence contained in the record, we conclude that the trial court properly found that Appellant willfully violated the conditions of community control by discharging herself from the W.O.R.T.H. Center.
We now turn to the issue of whether the trial court erred in modifying the community control sanction by sentencing Appellant to an additional six months in jail. Upon finding that an offender has violated the terms and conditions of a community control sanction, R.C. 2929.15(B) states that the trial court "may impose a longer time under the same sanction if the total time under the sanction does not exceed the five-year limit specified in division (A) of this section * * *." Thus, the decision to order additional jail time is within the discretion of the trial court. Consequently, a reviewing court will not disturb such a decision absent an abuse of discretion.
In this case, the trial court, acting pursuant to R.C.2929.15(B), imposed an additional six months of jail time as a result of Appellant's voluntary discharge from the W.O.R.T.H. Center. It should also be noted that Appellant was granted credit for time already served. In deciding to impose the additional time, the trial court apparently took several factors into consideration, including Appellant's lengthy criminal history and the fact that previous attempts at rehabilitation have not been successful. Although evidence does exist to support the contention that Appellant suffers from certain physical ailments, the testimony from a defense witness demonstrates that the problems are not so extreme as to prevent the medical staff at the jail from handling them. Based upon the foregoing, we cannot find that the trial court abused its discretion herein.
Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
HADLEY, P.J., and SHAW, J., concur.